**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA

v.                                    No. 4:97CR00200-03 JLH

JAMES GOOLSBY

**ORDER**

James Goolsby has filed a motion seeking habeas corpus relief pursuant to 28 U.S.C. § 2255(f)(3). He argues that three decisions issued by the United States Supreme Court in the spring and summer of 2013 create new rules that apply retroactively to his case and render sentencing enhancements that were applicable when he was sentenced no longer applicable. The United States has responded that the Court lacks jurisdiction over Goolsby's motion because the motion is a second or successive motion which cannot be filed before Goolsby obtains certification from the United States Court of Appeals for the Eighth Circuit. Goolsby has replied, arguing that the issues that he raises were not ripe at the time of his previous habeas motion, so the provision in the statute requiring that a second or successive motion obtain certification from the court of appeals does not apply. *Cf. Panetti v. Quarterman*, 551 U.S. 930, 943-47, 127 S. Ct. 2842, 2853-55, 168 L. Ed. 2d 662 (2007).

The statute provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). The statute assumes that a motion that relies on a new rule of constitutional

law is a second or successive motion because it provides, as a basis for entitlement to file a second or successive motion, that courts of appeal may certify that the case upon which the petitioner relies is a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court. *Id.*; *see also Johnson v. United States*, 720 F.3d 720 (8th Cir. 2013) (authorizing a successive petition under 28 U.S.C. § 2255 on the ground that *Miller v. Alabama*, 132 S. Ct. 2455, 2460, 183 L. Ed. 2d 407 (2012), announced a new rule of constitutional law that applies retroactively).

Because Goolsby has not obtained authorization from the Eighth Circuit for a second or successive motion, his motion is denied without prejudice. Document #233.

IT IS SO ORDERED this 28th day of October, 2013.

*/s/ J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE